UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X   For Online Publication Only
OVIDIO RODRIGUEZ RODRIGUEZ,

                         Plaintiff,

                                                     **ORDER**
          -against-                                17-CV-03344(JMA)(SIL)

ANTHONY PAGANO,

                         Defendant.
----------------------------------------------------------------X

**AZRACK, District Judge:**

      Before the Court is the application of *pro se* plaintiff Ovidio Rodriguez Rodriguez for the appointment of *pro bono* counsel to represent him in this case. For the reasons that follow, plaintiff's application for the appointment of *pro bono* counsel is denied without prejudice and with leave to renew at a later stage of these proceedings, if so warranted at such time.

## I. DISCUSSION

### A. Application for *Pro Bono* Counsel

      Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone who is unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit has set forth the following principle:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether

>  conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986).  The Second Circuit also held that these factors are not restrictive, and that "[e]ach case must be decided on its own facts."  Id. at 61.  A developed record assists the court in this regard.  See Brooks v. State of New York, 92-CV-1508, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on failure to satisfy requisite showing of likely merit).

The Court has reviewed plaintiff's application together with the complaint and plaintiff's supplement to the complaint, filed on June 23, 2017.  Upon such review, the Court finds that the appointment of counsel is not warranted at this stage of the litigation.  Accordingly, plaintiff's application for appointment of counsel is denied without prejudice to plaintiff renewing the application following the completion of discovery, if circumstances warrant such an application.  This denial also is without prejudice to plaintiff's hiring his own counsel to represent him in this matter.

## II.    CONCLUSION

For the forgoing reasons, the plaintiff's application for the appointment of *pro bono* counsel is denied without prejudice to plaintiff renewing the application at a later stage of these proceedings, if circumstances warrant such an application.  This denial also is without prejudice to plaintiff's hiring his own counsel to represent him in this matter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to send a copy of this Order to the *pro se* plaintiff.

**SO ORDERED.**

Dated:   March 16, 2018
        Central Islip, New York

                                                    /s/ (JMA)
                                                Joan M. Azrack
                                                United States District Judge

Case 2:17-cv-03344-JMA-SIL     Document 18     Filed 03/16/18     Page 3 of 3 PageID #: 102