UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

OVIDIO RODRIGUEZ RODRIGUEZ,

                          Plaintiff,

    -against-

ANTHONY PAGANO,

                          Defendant.

------------------------------------------------------------------------ X

For Online Publication Only

**ORDER**
17-CV-03344 (JMA)(SIL)

**FILED**
**CLERK**
8/1/2018 4:33 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

APPEARANCES:

    Ovidio Rodriguez Rodriguez
    67 Terrace Avenue
    Apt. A4
    Hempstead, NY 11550
        *Pro se Plaintiff*

    James J. Douglas
    James J. Douglas PC
    377 Oak Street
    Concourse 2
    Garden City, NY 11530
        *Attorney for Defendant*

**AZRACK, United States District Judge:**

Pro se plaintiff Ovidio Rodriguez Rodriguez brings this action against his former boss, defendant Anthony Pagano. Plaintiff alleges that Pagano subjected him to workplace sexual harassment. Defendant has moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, defendant's motion to dismiss is GRANTED.

**I. BACKGROUND**

Plaintiff alleges that, from June 2015 to October 2016, Pagano subjected him to workplace harassment multiple times. (Complaint ("Compl.") at 4.) Specifically, plaintiff alleges the following:

> Mr. Anthony Pagano harassed me multiple times, since 2015, when he became the company's owner. At the workplace, he always looked for me with kissing gestures. Many times he touched my buttocks—once with a dollar bill. These attacks occurred several times during work hours and disturbed me so much that I quit in October 2016.

(Id. at 5.) Additionally, plaintiff alleges that Pagano "sexually harassed me with kisses and flirting eyes and stick out his tongue sensually like a homosexual. Always touch my butt even with his feet, it was something without stop," and "[Pagano] did not even let me go to the bathroom in peace." (Id. at 8.) Defendant Pagano is the "owner-boss" of Multitone Finishing, where plaintiff was employed until October 2016. (Id. at 2, 5.)

On August 26, 2016, plaintiff filed a complaint with the New York State Division of Human Rights (the "Division") alleging unlawful discrimination based on his age, marital status, national origin, sex, and sexual orientation. (Affirmation of James J. Douglas in Support of Motion to Dismiss ("Douglas Aff."), Ex. B at 1, ECF No. 14-3.) On February 24, 2017, after an investigation, the Division issued a Determination and Order After Investigation dismissing plaintiff's complaint for "no probable cause." (Id. at 1, 4.)

On September 12, 2016, plaintiff filed a second complaint with the Division alleging discrimination and retaliation. (Douglas Aff., Ex. C at 1, ECF No. 14-4.) On March 10, 2017, after an investigation, the Division issued another Determination and Order After Investigation dismissing the complaint for "no probable cause." (Id. at 1, 4.)

After the Division dismissed plaintiff's complaints, plaintiff filed a charge with the U.S. Equal Employment Commission ("EEOC"). (Douglas Aff., Ex. D at 1, ECF No. 14-5.) On April 19, 2017, the EEOC dismissed the charge and issued a right to sue letter, adopting the Division's findings. (Id.)

2

## II. DISCUSSION

### A. Legal Standard for Motions to Dismiss Involving Pro Se Plaintiffs

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 119-20 (2d Cir. 2010). District courts are "obligated to construe pro se complaint[s] liberally," Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), interpreting them "to raise the strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). Additionally, the Second Circuit has cautioned that courts "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).

### B. Title VII Claims

To state a plausible claim for hostile work environment under Title VII, plaintiff must plead facts that show that defendant's conduct: "(1) is objectively severe or pervasive — that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's sex [or other protected characteristic]." Conklin v. Cty. of Suffolk, 859 F. Supp. 2d 415, 425 (E.D.N.Y. 2012) (quoting Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007)). To determine whether the alleged conduct is sufficiently severe or pervasive, courts look at: "(1) the frequency of the discriminatory conduct; (2) its severity; (3) whether the conduct was physically threatening or humiliating, or a mere offensive utterance; (4) whether the conduct

unreasonably interfered with plaintiff's work; and (5) what psychological harm, if any, resulted." Sotomayor v. City of New York, 862 F. Supp. 2d 226, 260 (E.D.N.Y. 2012). When evaluating a hostile work environment claim, courts should consider "the totality of the circumstances, viewed from the perspective . . . of a reasonable person in the plaintiff's position." Boza-Meade v. Rochester Hous. Auth., 170 F. Supp. 3d 535, 547 (W.D.N.Y 2016) (quoting Redd v. N.Y.S. Div. of Parole, 678 F.3d 166, 176 (2d Cir. 2012)).

Additionally, liability under Title VII is limited to employers—"individuals are not subject to liability under Title VII." Patterson v. County of Oneida, 375 F.3d 206, 221 (2d Cir. 2004) (citing Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995) ("individuals with supervisory control over a plaintiff may not be held personally liable under Title VII.")). Furthermore, individual business owners are not "employers" under Title VII. Jackson v. Ehgartner, No. 15-CV-00894, 2015 WL 8029194, at *3 (N.D.N.Y. Sept. 4, 2015) (report and recommendation), adopted by No. 15-CV-00894, 2015 WL 8180396 (N.D.N.Y. Dec. 7, 2015); see also Joseph v. HDMJ Restaurant, Inc., 685 F. Supp. 2d 312, 318 (E.D.N.Y. 2009) ("the law recognizes no [owner] exception to the individual liability doctrine"); Harrison v. Lesort, No. 09-CV-10188, 2011 WL 744670, at *2 (S.D.N.Y. Mar. 1, 2011) (defendant's ownership interest in plaintiff's employer does not create individual liability under the statute).

Plaintiff has sued Anthony Pagano, Multitone Fishing's individual owner, rather than his former employer, Multitone Finishing. Because individuals cannot be held liable under Title VII, the Court finds that plaintiff has failed to state a claim.[1]

Even if plaintiff had named Multitone Finishing as a defendant in this action, it is not clear that the complaint contains enough facts to plausibly allege that defendant's conduct was

---

[1] Although Pagano did not explicitly cite this ground in his motion to dismiss, plaintiff's Title VII claim against Pagano is clearly meritless.

4

sufficiently severe or pervasive. Merely alleging that a defendant harassed a plaintiff multiple times over a period of a year and a half would likely be insufficient if the plaintiff fails to provide any specifics about when or the frequency with which this harassment occurred. See Washington v. Garage Mgmt. Corp., No. 11-CV-3420, 2012 WL 4336163, at *16 (S.D.N.Y. Sept. 20, 2012) ("[W]hile Plaintiff alleges 'constant' harassment, that purely conclusory allegation is not sufficient to demonstrate that he was subjected to behavior that was so severe or pervasive as to alter his working conditions."). However, Federal Rule 15(a) provides that leave to amend should be freely given. See Fed. R. Civ. P. 15(a). Additionally, in his complaint, plaintiff states: "[i]f I have to talk more of what he did to me, I will say it." (Compl. at 8.) Because plaintiff's claim against Pagano is not viable, the Court declines to determine, at this time, whether the allegations in the current complaint would be sufficient to state a claim against Multitone Finishing.

For the reasons stated above, plaintiff's Title VII claims are dismissed without prejudice and with leave to amend the complaint to name his employer Multitone Fishing as the defendant and to add additional facts in support of his claim.

## C. New York State Human Rights Law Claim

Under the liberal pleading standards afforded to pro se plaintiffs, the Court would usually construe plaintiff's allegations to raise a discrimination claim under New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 et seq. However, to the extent plaintiff's complaint could be read to allege a claim under the NYSHRL, such claim would be procedurally barred. New York Executive Law § 297(9) provides: "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction . . . unless such person had filed a complaint hereunder or with any local commission on human rights." See also Johnson v. County of Nassau, 411 F. Supp. 2d 171, 184 (E.D.N.Y.

5

2006) (dismissing plaintiff's NYSHRL claims under § 297(9), where the Division made a no probable cause finding). The bar to suit imposed by § 297(9) is jurisdictional. Johnson, 411 F. Supp. 2d at 184.

Here, prior to filing the instant litigation, plaintiff filed two complaints with the Division, the relevant local commission on human rights for adjudicating NYSHRL claims. Both of these complaints were dismissed for "no probable cause." (See supra p. 2.) Thus, plaintiff's NYHRL claims have already been adjudicated by the Division and, therefore, this Court lacks subject matter jurisdiction over them. Accordingly, the Court does not construe plaintiff's complaint as alleging parallel state law claims, which would be futile.

### III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED. Plaintiff is granted leave to file an amended complaint in accordance with the guidance set forth in this Order within thirty (30) days from the date of this Order. Plaintiff's amended complaint must be labeled as an "amended complaint" and bear the same docket number as this Order, 17-CV-3344(JMA)(SIL). Plaintiff is advised that an amended complaint completely replaces the original, so plaintiff must include any allegations he wishes to pursue against a defendant in the amended complaint. Further, if plaintiff does not file an amended complaint within the time allowed, this case will be closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to send a copy of this Order to the <u>pro se</u> plaintiff.

**SO ORDERED.**

Date: August 1, 2018
Central Islip, New York

     /s/ (JMA)     
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE
