| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | For Online Publication Only |
|---|---|
| ----------------------------------------------------------------------- X | |
| OVIDIO RODRIGUEZ RODRIGUEZ, | **ORDER**<br>17-CV-03344 (JMA)(SIL) |
| Plaintiff, | |
| -against- | **FILED**<br>**CLERK** |
| ANTHONY PAGANO, | 3/6/2019 2:49 pm |
| Defendant. | **U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>**LONG ISLAND OFFICE** |
| ----------------------------------------------------------------------- X | |

**AZRACK, United States District Judge:**

Pro se plaintiff Ovidio Rodriguez Rodriguez filed an in forma pauperis complaint against his former boss, defendant Anthony Pagano on June 7, 2017, alleging that Pagano subjected him to workplace sexual harassment. On January 16, 2018, defendant moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On August 1, 2018, the Court granted defendant's motion to dismiss, in part, because plaintiff named only Pagano—and not his former employer Multitone Finishing—as a defendant, and individuals are not subject to liability under Title VII. In its Order dismissing the complaint, the Court also noted that it was unclear whether the complaint contained enough facts to plausibly allege that defendant's conduct was sufficiently severe or pervasive.

The Court gave plaintiff leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a) and directed plaintiff to file his amended complaint within 30 days of the date of the Order.

Plaintiff filed an amended complaint on September 6, 2018, six days after the filing deadline. As with the original complaint, the amended complaint lists only Pagano as a defendant and, thus, fails to state a plausible claim under Title VII. Additionally, the three sentences in the amended complaint that outline the factual basis for the alleged harassment suffered by Plaintiff

are insufficient to plausibly allege that the conduct at issue was severe or pervasive. Finally, the sparse allegations in the amended complaint are insufficient to plausibly allege that Plaintiff's allegedly "wrongful" termination was discriminatory. Because plaintiff failed to cure the defects in his original complaint, the amended complaint is dismissed sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Court notes that on September 25, 2018, Pagano filed a pre-motion conference letter seeking to file a motion to dismiss the amended complaint. Plaintiff has not filed any response to this pre-motion letter. It is unnecessary for the Court to hold a pre-motion conference or entertain a motion from Pagano. Because Plaintiff filed this action in forma pauperis, the Court can dismiss this action sua sponte for the reasons stated above.

The Clerk of Court is directed to send a copy of this Order to the pro se plaintiff and to close this case.

**SO ORDERED.**

Date: March 6, 2018
Central Islip, New York

                   /s/ (JMA)
                 JOAN M. AZRACK
                 UNITED STATES DISTRICT JUDGE